IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CV-3-FL

| | |
|---|---|
| ANTHONY D. MCNEILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STATE OF NORTH CAROLINA, Agent: North Carolina Department of Justice; NORTH CAROLINA STATE BAR; JOHN A. MANDULAK, Attorney, Hutchens Law Firm; HANNAH HEIN, Attorney, Hutchens Law Firm; DAVIS PURYEAR, Attorney, Hutchens Law Firm; HUTCHENS LAW FIRM; NATIONSTAR MORTGAGE LLC, Mortgage Servicer, d/b/a Mr. Cooper; SUBSTITUTE TRUSTEE SERVICES, INC.; L.W. BLAKE, Substitute Trustee; and LAKEVIEW LOAN SERVICING, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ORDER |
| Defendants. | ) |

This matter is before the court on motions to dismiss by defendants State of North Carolina and the North Carolina State Bar (collectively, the "state defendants"), (DE 33), and by defendants John A. Mandulak; Hannah Hein; Davis Puryear; Hutchens Law Firm, LLP; Nationstar Mortgage, LLC, d/b/a/ Mr. Cooper; Substitute Trustee Services, Inc.; L.W. Blake; and Lakeview Loan Servicing, LLC (collectively, the "foreclosing defendants"), (DE 37), both made pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). For the reasons that follow, the motions are granted.

## STATEMENT OF THE CASE

Pro se plaintiff commenced this action January 5, 2023, with allegations arising out of a state foreclosure action. Plaintiff alleges defendants committed wrongful foreclosure, forgery, breach of contract, violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and violation of his right to due process pursuant to 42 U.S.C. § 1983. Plaintiff seeks compensatory, punitive and consequential damages, as well as attorneys' fees.

February 8, 2023, plaintiff moved to strike Davis W. Puryear's ("Puryear") Notice of Appearance on behalf of defendant Hutchens Law Firm from the record, contending Puryear is an employee of Hutchens Law Firm, and a corporation cannot represent itself in court. See Loc. Civ. Rule 5.2(b)(2) ("A corporation, a limited liability company, a partnership, a trust, an association, or any other entity that is not a natural person cannot appear pro se and must be represented by an attorney in accordance with Local Civil Rule 83.1."). Where Puryear is a member of the bar of the United States District Court for the Eastern District of North Carolina and admitted to practice, in accordance with Local Civil Rule 83.1, the court denied plaintiff's motion May 12, 2023.

State defendants now move to dismiss the complaint against them, contending they are entitled to sovereign immunity. Foreclosing defendants also move for dismissal, arguing that implicit in plaintiff's claims is a request to invalidate orders in the state foreclosure action, which this court cannot do pursuant to the Rooker-Feldman doctrine. All defendants additionally contend that to the extent plaintiff's claims are cognizable, plaintiff fails to support them with sufficient factual allegations. Plaintiff responded in opposition to both motions.

2

## STATEMENT OF FACTS

The facts alleged in plaintiff's complaint may be summarized as follows. While plaintiff's complaint is not a model of clarity, plaintiff suggests that his claims arise out of a state court foreclosure procedure, and resulting foreclosure order, which plaintiff contends was made in error. (Compl. ¶ 14).[1]

According to the complaint, plaintiff applied for a loan to finance purchase of real property located at 3631 Wind Sock Court, Eastover NC 28312 (the "real property"). (Id. ¶ 18). To obtain the loan, plaintiff signed a promissory note, which allegedly was stamped with "pay to the order of" by a bank official. (Id. ¶¶ 25, 27). Plaintiff subsequently was given a bank check. (See id. ¶¶ 15, 23).

According to plaintiff, however, the banking institution did not in fact "loan legal tender" to "fund" that bank check. (Id. ¶ 19). Instead, once plaintiff left the banking institution, the bank allegedly "recorded" the promissory note "as a loan from [plaintiff] to the bank," which loan in turn was used to "fund" the bank check given to plaintiff. (Id. ¶¶ 20-24). After filing the promissory note as a loan from plaintiff, the bank then allegedly failed to deliver the "property deed" to plaintiff. (Id. ¶ 29).

According to the complaint, the bank made an "unlawful registration" and a lien then was placed on the real property. (Id. ¶¶ 30-31). Sometime thereafter, a foreclosure proceeding was initiated in state court. (Id. ¶ 32). A foreclosure order was issued, providing that a mortgage had been properly created and plaintiff was in default. (See id. ¶ 14; see Foreclosure Order (DE 1-10)). Foreclosure was permitted to proceed. (Foreclosure Order (DE 1-10) at 1).

---

[1] The complaint's paragraphs are not consistently enumerated. To the extent possible, the court cites to paragraphs as designated by plaintiff.

**COURT'S DISCUSSION**

A.     Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).[2] Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts " the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

B.     Analysis

Foreclosing defendants contend the court lacks subject matter jurisdiction over plaintiff's action pursuant to the Rooker-Feldman doctrine. The court agrees.[3]

The Rooker-Feldman doctrine "prohibits the United States District Courts, with the exception of habeas corpus actions, from sit[ting] in direct review of state court decisions." Jordahl v. Democratic Party of Virginia, 122 F.3d 192, 199 (4th Cir. 1997). The doctrine follows "from Congress' careful assignment of federal subject matter jurisdiction, allocating original jurisdiction to the district courts in, for example, 28 U.S.C. § 1330(a) (actions against foreign states), § 1331 (federal question jurisdiction), and § 1332(a) (diversity jurisdiction), while allocating appellate

---

[2]     Internal citations and quotation marks are omitted from all citations unless otherwise specified.

[3]     Though government defendants did not raise the Rooker-Feldman doctrine in their motion to dismiss, the court must dismiss plaintiff's claims against them on the same basis. See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) ("Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties.").

jurisdiction over final state court judgments to the Supreme Court in § 1257(a)." Thana v. Bd. of License Commissioners for Charles Cnty., Maryland, 827 F.3d 314, 318–19 (4th Cir. 2016); see Am. Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003) ("Congress . . . vested the authority to review state court judgments in the United States Supreme Court alone under 28 U.S.C. § 1257(a).").

Though previously "broadly interpreted," the Supreme Court of the United States has clarified that the Rooker-Feldman doctrine "goes no further than necessary to effectuate Congress' allocation of subject matter jurisdiction between the district courts and the Supreme Court." Thana, 827 F.3d at 319 (noting narrowing of the doctrine following the decision in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005)). It "assesses only whether the process for appealing a state court judgment to the Supreme Court under 28 U.S.C. § 1257(a) has been sidetracked by an action filed in a district court specifically to review that state court judgment." Thana, 827 F.3d at 320. Thus, it is "confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Thana, 827 F.3d at 319; see Jordahl, 122 F.3d at 202 ("The controlling question in the Rooker-Feldman analysis is whether a party seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision.").

Bearing its limited application in mind, the court is compelled to conclude that plaintiff's claims are barred by the Rooker-Feldman doctrine. Plaintiff's claims center upon a request to invalidate decisions made in the state foreclosure proceeding. Plaintiff contends the state court never was "provided" the "original contract" and that foreclosure was wrongfully allowed without "legal documents to verify a loan, the terms, amount loaned, or any documentation signed by the

lender to verify a loan was provided to the plaintiff." (Compl. ¶¶ 11-14). According to the complaint, the promissory note on which the foreclosure proceeding relied additionally was "forged" by the bank, and plaintiff in fact owned the real property "free and clear." (Id. ¶¶ 15, 24). It is upon this alleged forgery that plaintiff's claim for breach of contract is based. (Id. ¶ 7). Plaintiff argues defendants' collection efforts pursuant to orders in the foreclosure proceeding amounted to "abuse, threats, coercion, misrepresentation, fraud, harassment, unfair means, and deception," in violation of FDCPA as they were based upon debt that did not in fact exist. (Id. ¶¶ 34-35 ("The original debt was zero because the plaintiff financial asset was exchanged for FED's promissory notes in an even exchange.")). Plaintiff additionally contends defendants "violated the plaintiff right to due process [42 U.S.C. § 1983] by using an unfair court process that is in violation of the federal laws and the court rules," and "have intentionally and negligently taken illegal actions which have caused the plaintiff severe emotional distress." (Id. ¶¶ 60, 64). According to plaintiff, "[t]he fact part of the original agreement is missing from the contract filed in the state foreclosure case is a clear showing of illegal intent to cause distress." (Id. ¶ 66).

Consideration of each of plaintiff's claims thus would require the court to review and reject or affirm decisions made in the foreclosure proceeding in state court. Such is improper under the Rooker-Feldman doctrine. See, e.g., Smalley v. Shapiro & Burson, LLP, 526 F. App'x 231, 236 (4th Cir. 2013) (holding the Rooker-Feldman doctrine barred consideration of claims asserting foreclosure was in error). Where the state court decisions in the foreclosure proceeding serve as the source of plaintiff's harm, the court lacks subject matter jurisdiction to consider his claims.

## CONCLUSION

Based on the foregoing, defendants' motions to dismiss for lack of subject matter jurisdiction, (DE 33, 37), are GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 12th day of June, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge